1  ARA JABAGCHOURIAN (SBN 205777)
   ajabagchourian@cpmlegal.com
2  BRIAN M. SCHNARR (SBN 275587)
   bschnarr@cpmlegal.com
3  **COTCHETT, PITRE & McCARTHY, LLP**
4  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
5  Burlingame, CA 94010
   Telephone: (650) 697-6000
6  Facsimile: (650) 697-0577
7  Attorneys for Plaintiffs and the Class

8

9                     **UNITED STATES DISTRICT COURT**
10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12  **JOHN KEVRANIAN** and              **CASE NO.:** _____
    **TAMMY ZAPATA**, individually and
13  on behalf of those similarly situated,   **CLASS ACTION COMPLAINT FOR
                                             STATUTORY DAMAGES AND
14                                           INJUNCTIVE RELIEF:**
                  Plaintiffs,
15                                           **(1)  VIOLATION OF CALIFORNIA'S
         v.                                        INVASION OF PRIVACY ACT;**
16
    **YAHOO! Inc.**, a California Corporation,   **(2)  VIOLATION OF THE
17                                                     ELECTRONIC COMMUNICATIONS
                  Defendant.                            PRIVACY ACT**
18
19                                           **JURY TRIAL DEMANDED**
20

21

22

23

24

25

26

27

28

Law Offices
Cᴏᴛᴄʜᴇᴛᴛ, Pɪᴛʀᴇ &
Mᴄᴄᴀʀᴛʜʏ, LLP

**CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ........................................................................................1

II.    JURISDICTION .........................................................................................3

III.   PARTIES ...................................................................................................3

    A.     PLAINTIFFS ..................................................................................3

    B.     DEFENDANT .................................................................................4

IV.    COMMON FACTUAL ALLEGATIONS ...................................................4

    A.     BACKGROUND .............................................................................4

    B.     FEATURES OF ELECTONIC COMMUNICATION ......................5

    C.     YAHOO!'S TERMS OF SERVICE AND PRIVACY POLICY ...........5

    D.     YAHOO!'S EMAIL SCANNING PRACTICE IS FOR THE EXPRESS
             PURPOSE OF INCREASING ONLINE ADVERTISING REVENUE ................7

    E.     YAHOO!'S INTERCEPTION OF THE CONTENT OF EMAIL FOR
             TARGETED ADVERTISING AND OTHER USES ARE NOT (1) NECESSARY
             FOR THE RENDITION OF THE SERVICE OF YAHOO! MAIL OR (2) FOR
             THE PROTECTION OF YAHOO!'S RIGHTS AND PROPERTY, AND ARE
             NOT IN THE ORDINARY COURSE OF BUSINESS AN ELECTRONIC
             COMMUNICATION SERVICE ................8

V.     CLASS ALLEGATIONS ...........................................................................10

    A.     SCOPE OF CLASS.........................................................................10

    B.     ASCERTAINABILITY ...................................................................10

    C.     NUMEROSITY ...............................................................................11

    D.     COMMONALITY ...........................................................................11

        1.     *Cal. Penal Code § 631 claims* ...........................................11

        2.     *18 U.S.C. Sections 2510 et seq.* .........................................12

    E.     TYPICALITY ..................................................................................13

    F.     ADEQUACY OF REPRESENTATION ..........................................13

    G      SUPERIORITY...............................................................................14

VI.   CAUSES OF ACTION ...................................................................................... 14

FIRST CAUSE OF ACTION
VIOLATIONS OF CAL. PENAL CODE § 630, *et seq.* ...................................... 14

SECOND CAUSE OF ACTION
VIOLATIONS OF 18 U.S.C. §§ 2510 et seq ..................................................... 16

VII.  PRAYER FOR RELIEF ................................................................................... 19

VIII. JURY DEMAND .............................................................................................. 20

**CLASS ACTION COMPLAINT**                                                             ii

Plaintiffs JOHN KEVRANIAN and TAMMY ZAPATA ("Plaintiffs"), individually and on behalf of the Class described below, bring this action for injunctive relief and statutory damages against Defendant Yahoo! Inc., ("Yahoo!") and allege as follows:

## I.   <u>INTRODUCTION</u>

1.      This class action is brought against Yahoo! for its unlawful, wrongful, and intentional reading and/or learning of the contents and/or meaning of Plaintiffs' and Class Members' communications and, in the alternative, eavesdropping upon or recording Plaintiffs' and Class Members' communications, in violation of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq.*, and the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. Sections 2510 *et seq.*  For these violations of statutory law, Plaintiffs and the Class seek injunctive relief and statutory damages.

2.      Plaintiffs and the Class allege that Yahoo! intentionally and as part of a common practice, reads, scans, processes, copies, acquires content from, makes copies of content from, creates or gathers data and information from the content of e-mails.  Yahoo!'s practice of intercepting the content of e-mails, as described above, includes any and all e-mails sent by Plaintiffs and Class Members from non-Yahoo! e-mail accounts or platforms to Yahoo! Mail recipients.  Yahoo! performs these actions in order to read, attempt to read, understand, eavesdrop upon, intercept, or to learn the content or meaning of the e-mails.  Further, Yahoo! makes copies or records all or part of e-mails sent by Plaintiffs and Class Members to Yahoo! Mail recipients.

3.      At the time Yahoo! reads, attempts to read, learns the content or meaning of, eavesdrops upon, intercepts, and records Plaintiffs' and Class Members' electronic communications, Yahoo! does so without the consent or authorization of any or all parties to the communications, including Plaintiffs and members of the Class.

4.      Yahoo! then uses the information, content, and derivative data obtained from the interception of any and all incoming electronic communications or e-mails to Yahoo! Mail users for its own financial advantage, including, but not limited to, targeted advertising, profiling, data collection, and other Yahoo! services unrelated to Yahoo! Mail.  This financial purpose is

1   separate and apart from the provision of Yahoo!'s email services or the transmission of

2   electronic communications.

3          5.       The ECPA, or the federal Wiretap Act, 18 U.S.C. Sections 2510 *et seq.*, seeks to

4   safeguard privacy in oral and wire communications.  The ECPA not only prohibits the

5   interception of electronic communications, but also the unauthorized access to these

6   communications while in storage pursuant to the Stored Communications Act created under Title

7   II of the ECPA.

8          6.       The California Legislature has declared that "advances in science and technology

9   have led to the development of new devices and techniques for the purpose of eavesdropping

10  upon private communications and that the invasion of privacy resulting from the continual and

11  increasing use of such devices and techniques has created a serious threat to the free exercise of

12  personal liberties and cannot be tolerated in a free and civilized society."  Cal. Pen. Code § 630.

13  Plaintiffs' state law claims are not preempted by the ECPA, 18 U.S.C. § 2510 et seq., or other

14  law or federal regulation.

15         7.       In performing the acts alleged herein, Yahoo! reads, attempts to read, learns the

16  content or meaning of, eavesdrops upon, and records Plaintiffs' and Class Members' electronic

17  communications without Plaintiffs' and Class Members' knowledge, consent, or permission in

18  violation of both the CIPA and the ECPA.  Cal. Penal Code §§ 631, 637 and 637.2; 18 U.S.C. §

19  2511(1)(a).  The reading, attempting to read, learning the contents or meaning of, eavesdropping

20  upon, and recording of Plaintiffs' and Class Members' communications to Yahoo! Mail users

21  that is caused by Yahoo!'s continual and pervasive use of such devices and techniques seriously

22  threatens the free exercise of personal liberties, and is of the type of behavior that the U.S.

23  Congress and the California Legislature has declared should not be tolerated in a free and

24  civilized society.

25         8.       Plaintiffs and the Class are among the multitude of U.S. residents who have sent

26  electronic communications or emails to a Yahoo! Mail user or users, and whose personal

27  liberties have been, and continue to be, intruded upon when these private communications are

28  read or, in the alternative, eavesdropped upon by Yahoo!.

9.      Plaintiffs and the Class have standing to bring this action because they have suffered injury by way of the unconsented invasion and interception of the content of their electronic communications.  This injury is directly attributable to Defendant's processes and devices, and Defendant derives a financial windfall from the taking and use of property not its own and acquired by unlawful means, and in the event of a favorable decision, both the ECPA and CIPA provide statutory penalties for Plaintiffs for their harm.

## II.     JURISDICTION

10.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the Plaintiffs' and Class' claims arising under the Electronic Communications Privacy Act of 1986 ("ECPA").  None of the causes of action stated herein have been assigned or otherwise given to any other court or tribunal.

11.     This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and under the Class Action Fairness Act (28 U.S.C. § 1332(d)(2)).  Plaintiffs JOHN KEVRANIAN and TAMMY ZAPATA are citizens of the state of California and Defendant is incorporated in the state of Delaware.  Defendant maintains its headquarters in Sunnyvale, California, which serves as the nerve center of its operations.  The amount in controversy in this action exceeds $5,000,000.00 and there are more than 100 members in the putative classes.

12.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because (1) Yahoo! resides in this Judicial District and (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this Judicial District.

13.     Pursuant to Civil L.R. 3-2(c), an intradistrict assignment to the San Jose Division is appropriate because (1) Yahoo!'s headquarters is in Sunnyvale, California, and (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Sunnyvale, California.

## III.     PARTIES

### A.     PLAINTIFFS

14.     Plaintiff Tammy Zapata is a natural person who is, and at all times mentioned in this complaint was, a resident of San Bruno, California, County of San Mateo.

15.     Plaintiff John Kevranian is a natural person who is, and at all times mentioned in this complaint was, a resident of San Bruno, California, County of San Mateo.

**B.     DEFENDANT**

16.     Yahoo! is a Delaware Corporation whose headquarters and principal place of business is 701 First Avenue, Sunnyvale, County of Santa Clara, in the State of California.

## IV.     COMMON FACTUAL ALLEGATIONS

**A.     BACKGROUND**

17.     Yahoo! is the owner and operator of an email service known as "Yahoo! Mail."

18.     Yahoo!'s first email service was launched in 1997.  This original interface is called "Yahoo! Mail Classic," and was offered by Yahoo! to its users up until June of 2013.

19.     On or around October 2010, Yahoo! released a "beta" version of its Yahoo! Mail platform.  This newly redesigned web-based email interface included several new features that were hardwired into the system.  These new features did not exist in the "Yahoo! Mail Classic" version.

20.     On or around May 2011 the new Yahoo! Mail system became the default interface for all Yahoo! users.  To announce the change, Yahoo! notified its "Yahoo! Mail Classic" and "Yahoo! Mail" users that the newly released version of Yahoo! Mail *may* "look for keywords and links to further protect you from spam, surface photos and in time, serve users with internet-based advertising."  Yahoo! Mail users were then encouraged to switch to Yahoo!'s new email service that allowed Yahoo! the ability to scan their otherwise private communications.  Those who did not switch were permitted to remain on the previous "Classic" email interface.

21.     On or around June of 2013, Yahoo! discontinued its support of the "Classic" e-mail interface.  In doing so, Yahoo! informed its users that they were required to switch over to the new Yahoo! Mail interface and accept its various Terms of Service and Privacy Policy.

22.     As of December 2012 was the third largest web-based email service in the world.  Yahoo! Mail is estimated to have approximately 300 million users nationwide.  According to

1   Yahoo!'s 2012 Annual Report, 105 million users send, on average, 91 million emails and 23

2   million attachments every day.

3   **B.    FEATURES OF ELECTONIC COMMUNICATION**

4       23.    The e-mails that are exchanged between Yahoo! Mail users and non-Yahoo! Mail

5   users contain business and/or private communications, messages and/or attachments.  These

6   communications may contain sensitive and/or proprietary content, and are not unlike those

7   messages and packages that are delivered by the United States Postal Service.  Plaintiffs and

8   members of the Class have an expectation of privacy for the content of their electronic

9   communications.

10      24.    The e-mails sent to Yahoo! Mail users are transmitted in defined Internet Message

11  Formats with destination address fields specifying the recipients of the message.

12      25.    Plaintiffs' and Class Members' e-mails sent to Yahoo! Mail recipients are

13  transmitted in defined Internet Message Formats with destination address fields specifying the

14  recipients of the message.  Pursuant to the destination address fields, e-mail sent to Yahoo! Mail

15  users are confined to those persons specified as recipients in the destination address fields.

16      26.    Pursuant to the destination address fields, Plaintiffs' and Class Members' e-mail

17  sent to Yahoo! Mail users are confined to those persons specified as recipients in the destination

18  address fields.

19      27.    The e-mails sent to and from Plaintiffs and the Class Members to Yahoo! Mail

20  users are "electronic communications" as defined by 18 U.S.C. § 2510(12).

21      28.    In providing a web-based application for electronic communications, Yahoo! is

22  not a "public utility" under Cal. Penal Code § 631(b), as that term is defined by the California

23  State law, codes, or regulations, or by the California Constitution.

24  **C.    YAHOO!'S TERMS OF SERVICE AND PRIVACY POLICY**

25      29.    To accompany the new 2011 Yahoo! Mail system, Yahoo! published a new

26  Terms of Service and Privacy Policy.

27

28

**CLASS ACTION COMPLAINT**                                                    5

30.     Yahoo!'s 2011 Privacy Policy only provided users a vague statement, under the section entitled "INFORMATION COLLECTION AND USE," that Yahoo! "collects personal information when . . . you use Yahoo! products or services . . . ."

31.     In a section entitled "Personally Relevant Experiences" under the "Yahoo! Mail" Privacy Policy, Yahoo! disclosed the following:

**Personally Relevant Experiences**

•       Yahoo provides personally relevant product features, content, and advertising, and spam and malware detection by scanning and analyzing Mail, Messenger, and other communications content.  Some of these features and advertising will be based on our understanding of the content and meaning of your communications. For instance, we scan and analyze email messages to identify key elements of meaning and then categorize this information for immediate and future use.

32.     Yahoo! provided more details about its email screening process in its 2011 "Yahoo! Mail FAQ," which state "**When you use the new Yahoo! Mail our automated systems scan and analyze all incoming and outgoing communications content sent and received from your account**."

33.     At the same time that Yahoo! instituted this pattern of scanning, reviewing, and/or reading the content of electronic communications exchanged between non-Yahoo! email users and Yahoo! Mail users, Yahoo! expressly recognized the non-public and sensitive nature of those very e-mail communications.

34.     As stated in its 2011 Terms of Service, Yahoo! explained the difference between "publicly accessible" areas hosted on its website – such as Yahoo! Message Boards and Flickr – and private areas –such as Yahoo! Mail or Yahoo! Messenger – that could be used for "private communications."  However, Yahoo!'s own business policies and practices did not treat these "private communications" as private for the purposes of increasing corporate revenues generated by online advertising, the creation user profiles, and other such uses.

/ / /

/ / /

35.     The scanning process, as explained by Yahoo! in its "Yahoo! Mail FAQ" section published online, is accomplished by a device:

> **that looks for patterns, keywords, and files in Mail, Messenger, and other communications content.  In order to bring you the newest Yahoo! Mail, Yahoo!'s automated systems will scan and analyze all incoming and outgoing email, IM, and other communications content sent and received from your account in order to personalize your experience.  This will result in both product enhancement as well as more relevant advertising in addition to a safer, less cluttered Mail experience.**

36.     In employing the above described device, Plaintiffs and the Class allege that Yahoo! intentionally intercepts and reviews the content of their electronic communications for financial gain.

**D.     YAHOO!'S EMAIL SCANNING PRACTICE IS FOR THE EXPRESS PURPOSE OF INCREASING ONLINE ADVERTISING REVENUE**

37.     When Yahoo! uses the words "scan" or "scanning" in relation to its activities, Plaintiffs allege Yahoo!'s scanning amounts to reading, attempting to read, learning of the content or meaning of, recording, and/or eavesdropping upon the communications sent by Plaintiffs and Class Members to Yahoo! Mail users.

38.     To determine or identify "keywords" in Plaintiffs' and Class Members' e-mail to Yahoo! Mail users, Yahoo! reads, attempts to read, learns of the content or meaning of, copies, records and/or eavesdrops upon the communications sent by Plaintiffs and Class Members to Yahoo! Mail users.

39.     To generate additional information about the e-mail sent by Plaintiffs and Class Members to Yahoo! Mail users, Yahoo! reads, attempts to read, learns of the content or meaning of, copies, records, and/or eavesdrops upon the communications sent by Plaintiffs and Class Members to Yahoo! Mail users.

40.     While the e-mails are in transit, Yahoo! scans the e-mails sent by Plaintiffs and Class Members to Yahoo! Mail users.

41.     Yahoo! scans the e-mails sent by Plaintiffs and Class Members to Yahoo! Mail users by use of one or more machines, instruments, contrivance, amplifying device or recording device.

42. The devices used by Yahoo! are not a telephone or telegraph instrument, they are not a telephone or telegraph equipment, they are not a telephone or telegraph facility, or any component thereof.

43. Yahoo! uses the metadata and other "external e-mail information" that Yahoo! acquires or generates from the emails made the basis of this suit for multiple purposes in violation of § 2511(1)(d).

44. Yahoo!'s interception and use of the content of Plaintiffs' and Class Members' electronic communications sent to Yahoo! Mail users is not limited to the placement of targeted advertising displayed on a Yahoo! Mail user's screen.

45. The content and meaning contained in Plaintiffs' and Class Members' e-mails which they send to Yahoo! Mail users are only to be learned by those persons specified as recipients in the destination address.

46. Yahoo!'s scanning of the emails sent by Plaintiffs and Class Members to Yahoo! Mail users amounts to the acquisition of the content of the e-mails.

47. Plaintiffs and the Class Members have all been harmed by Yahoo! business practices of intruding upon emails. Plaintiffs and the Class allege this practice violates Plaintiffs' and the Class Members' privacy rights under both federal and state law, and the California Constitution.

48. Yahoo!'s practice of reading, scanning, or reviewing the content of e-mails has continued until present day.

**E. YAHOO!'S INTERCEPTION OF THE CONTENT OF EMAIL FOR TARGETED ADVERTISING AND OTHER USES ARE NOT (1) NECESSARY FOR THE RENDITION OF THE SERVICE OF YAHOO! MAIL OR (2) FOR THE PROTECTION OF YAHOO!'S RIGHTS AND PROPERTY, AND ARE NOT IN THE ORDINARY COURSE OF BUSINESS AN ELECTRONIC COMMUNICATION SERVICE**

49. Pursuant to 28 U.S.C. § 2510(15), an "electronic communication service" means An Electronic Communication Service any service which provides to users thereof the ability to send and receive electronic communications.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**CLASS ACTION COMPLAINT** 8

50.     "Yahoo! Mail" is an "electronic communication service" (as defined by 28 U.S.C. § 2510(15)).

51.     A Yahoo! Mail account holder who sends and receives email through Yahoo! Mail is a "user" pursuant to 28 U.S.C. § 2510(13).

52.     A Yahoo! Mail "user" (as defined by 28 U.S.C. § 2510(13)) receives e-mail through a Yahoo! Mail account.

53.     Emails sent and received by Yahoo! Mail account holders through Yahoo! Mail are "electronic communications" (as defined by 28 U.S.C. § 2510(12).

54.     Yahoo!'s acquisition and use of content from Plaintiffs' and Class Members' e-mail sent to Yahoo! Mail users, and those e-mails sent from Yahoo! Mail users to Plaintiffs and Class Members, is not necessary to the transmission of e-mail or to the operation the electronic communication service known as Yahoo! Mail.

55.     Yahoo! has the ability to offer Yahoo! Mail without intercepting and using the content of the emails made the basis of this suit.

56.     Yahoo!'s acquisition and use of content from Plaintiffs' and Class Members' email and those emails sent to Plaintiffs and Class Members is not necessary incident to the protection of the rights or property of the provider of that service.

57.     The industry standard for webmail electronic communication services does not include the interception and use of the content of the email made the basis of this suit as Yahoo! performs on these electronic communications.

58.     The ordinary course of business within the industry for webmail electronic communication services for the ability to send and receive electronic communications does not include the interception of content of an electronic communication and the use of its content as Yahoo! performs on the email made the basis of this suit.

59.     Yahoo!'s services that are not related to the ability to send and receive electronic communications are not electronic communication services.

60.     Yahoo!'s targeted advertising and other uses of the email made the basis of this suit are not an electronic communication service as defined by 18 U.S.C. § 2510(15).

61.     Yahoo!'s interception and use of content of electronic communications (1) from Plaintiffs and Class Members to Yahoo! Mail users and (2) to Plaintiffs and the Class Members is not within the ordinary course of business of an electronic communication service.

## V.     CLASS ALLEGATIONS

### A.     SCOPE OF CLASS

62.     Plaintiffs bring this class action, pursuant to Rule 23(a) and (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Classes.  The Classes consists of:

**(1)     All United States citizens who have sent an e-mail to a private individual Yahoo! Mail subscriber.**

**(2)     All California citizens who have sent an e-mail to a private individual Yahoo! Mail subscriber.**

63.     Excluded from the class are the following individuals and/or entities:

- Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;

- Individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;

- Current or former employees of Yahoo!;

- Individuals, if any, who have previously settled or compromised claims(s) as identified herein for the class; and

- Any currently sitting federal judge and/or person within the third degree of consanguinity to any federal judge.

### B.     ASCERTAINABILITY

64.     The Class is objectively defined.

65.     The Class is ascertainable in that the identities of those non-Yahoo! Mail users whose emails were reviewed, scanned, read or otherwise intercepted are in the possession of Yahoo!.

66.     Upon Court--approved notice, any Class Member who desires to seek actual damages pursuant to Cal. Pen. Code § 637.2(a)(2) may opt-out OR remain in the Class and be bound by the remedies and results sought herein.

## C.     NUMEROSITY

67.     The Class is so numerous that joinder of all members is impracticable.

68.     The number of Class Members is in excess of 100 persons.

## D.     COMMONALITY

69.     There are questions of law or fact common to the class. These questions include, but are not limited to, the following:

### 1.     *Cal. Penal Code § 631 claims*

(1)     Whether Yahoo!, as a corporation, is a "person"?

(2)     Whether Yahoo!, as a corporation, acts through "persons" for whose actions Yahoo! is liable?

(3)     Whether Yahoo! uses a "machine," "instrument," "contrivance," or "in any other manner" to read, attempt to read, or to learn the content or meaning of Plaintiffs' and the Class Members' e-mails.

(4)     Whether Yahoo! acts willfully when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' e-mails.

(5).     Whether Yahoo! has the consent of all parties to the communication or does it act in an unauthorized manner when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' e-mails?

(6)     Does Yahoo!'s scanning, processing, or copying of Plaintiffs' and Class Members' e-mail amount to Yahoo! reading, attempting to read, or learning the content or meaning of Plaintiffs' and Class Members' e-mails.

(7)     Do Plaintiffs' and Class Members' e-mails amount to "any message, report, or communication?"

(8)     At the time Yahoo! reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' e-mails, are the e-mails in transit to the Yahoo! Mail recipients?

(9)     At the time Yahoo! reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' e-mails, are the e-mails passing over any wire, line, or cable?

**2.     *18 U.S.C. Sections 2510 et seq.***

70.     Whether Yahoo! intentionally intercepted, endeavored to intercept, or procured any other person to intercept or endeavor to intercept the electronic communications sent by Plaintiffs and the Class Members to Yahoo! Mail users and those sent to Plaintiffs and Class Members?

71.     Inclusive in this common question are common questions regarding the elements of 18 U.S.C. § 2511(1)(a) and § 2520 based upon the statutory definitions:

a.     Whether the emails sent by and to Plaintiffs and Class Members were electronic communications;

b.     Whether Yahoo! used an electronic, mechanical, or other device;

c.     Whether Yahoo! acquired any content of email sent by and to Plaintiffs and Class Members;

d.     Whether that content amounted to any information concerning the substance, purport, or meaning of the emails sent by and to Plaintiffs and Class Members;

e.     Whether Yahoo! acted intentionally;

f.     Whether statutory damages against Yahoo! should be assessed; and

g.     Whether injunctive and declaratory relief against Yahoo! should be issued?

72.     Whether Yahoo! intentionally used, or endeavored to use, the contents of the electronic communications sent by Plaintiffs and Class Members to Yahoo! Mail users and to Plaintiffs and Class Members knowing or having reason to know that the information was obtained through the interception of the electronic communication in violation of 28 U.S.C. § 2511(1)?

73.     Inclusive in this common question are common questions regarding the elements of 18 U.S.C. § 2511(1)(d) and § 2520 and based upon the statutory definitions:

a.      Whether the emails sent by and to Plaintiffs and Class Members were electronic communications;

b.      Whether Yahoo! used an electronic, mechanical, or other device;

c.      Whether Yahoo! acquired any content of email sent by and to Plaintiffs and Class Members;

d.      Whether that content amounted to any information concerning the substance, purport, or meaning of the emails sent by and to Plaintiffs and Class Members;

e.      Whether Yahoo! used the content of emails sent by and to Plaintiffs and Class Members;

f.      Whether Yahoo! acted intentionally;

g.      Whether statutory damages against Yahoo! should be assessed; and

h.      Whether injunctive and declaratory relief against Yahoo! should be issued?

## E.   TYPICALITY

74.     Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and the Class are non-Yahoo! Mail users that send and receive e-mail to and from Yahoo! Mail users and Yahoo! intercepted and acquired the emails' contents, Yahoo! used or endeavored to use the emails' contents, neither Plaintiffs nor the Class consented to Yahoo!'s interception and uses of content of email made the basis of this suit, neither Yahoo! Mail users nor the senders of the email to Plaintiffs and the Class Members consented to the interception and use of the emails made the basis of the suit, the user agreements between the parties are uniform, and Plaintiffs and the Class Members are entitled to declaratory relief, statutory damages, and injunctive relief due to Yahoo!'s conduct.

## F.   ADEQUACY OF REPRESENTATION

75.     Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests do not conflict with the interests of the Class members.  Furthermore, Plaintiffs have

retained competent counsel experienced in class action litigation. Plaintiffs' counsel will fairly and adequately protect and represent the interests of the Class.

**G.    SUPERIORITY**

76.    Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law or fact common to the Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

77.    Yahoo!'s scanning and processes regarding the emails to be received by Yahoo! Mail users are uniform.

78.    All disclosures made by Yahoo! to the Yahoo! Mail users and Class Members upon which Yahoo! could assert a defense of consent are uniform to the Class Members.

**VI.    <u>CAUSES OF ACTION</u>**

**<u>FIRST CAUSE OF ACTION</u>**

**<u>VIOLATIONS OF CAL. PENAL CODE § 630, *ET SEQ.*</u>**

79.    AS AND FOR A FIRST CAUSE OF ACTION against Defendant Yahoo!, Plaintiffs and the Class alleges as follows:

80.    Plaintiffs and the Class hereby reallege and incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

81.    California Penal Code § 631 makes it illegal and prohibits anyone from intentionally and without consent of all parties to engage in wiretapping of e-mail communications.  In engaging in conduct alleged herein, including Paragraph Nos. 17-61 above, Yahoo! has and continues to violate California Penal Code § 631 as to Plaintiffs and the Class.

82.    Pursuant to Cal. Penal Code § 7, Yahoo!, as a corporation, is a "person."

83.    Yahoo! uses a "machine," "instrument," "contrivance," or "in any other manner" to read, attempt to read, or to learn the content or meaning of Plaintiffs' and the Class Members' e-mails.  The identity and name of the "machine," "instrument," or "contrivance" used by Yahoo! is known by Yahoo! and otherwise unknown by Plaintiffs and the Class, but will be revealed through discovery.

84. Yahoo! acts willfully when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' e-mails.

85. Yahoo! does not have the consent of all parties to the communication or it acts in an unauthorized manner when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' e-mails.

86. Yahoo!'s scanning, processing, or copying of Plaintiffs' and Class Members' email amounts to Yahoo! reading, attempting to read, or learning the content or meaning of Plaintiffs' and Class Members' e-mails.

87. Plaintiffs' and Class Members' e-mails amount to "any message, report, or communication."

88. At the time Yahoo! reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' e-mails, the e-mails are in transit to the Yahoo! Mail recipients.

89. At the time Yahoo! reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' e-mails, the e-mails are passing over any wire, line, or cable.

90. As a direct and proximate result of such conduct, Yahoo! violated Cal. Penal Code § 630 *et seq.* in that it:

    a. Intentionally intercept, reads, attempts to read, eavesdrops, or otherwise learns the contents or meaning of Plaintiffs' and Class Members' e-mails;

    b. Makes use of a machine, instrument, or contrivance, or other device to intercept, read, attempt to read, eavesdrop, or otherwise learn the contents or meaning of Plaintiffs' and Class Members' e-mails;

    c. Intercepts e-mail while in transit or passing over any wire, line, or cable, as they are being sent from, or received by, non-Yahoo! email users in California from Yahoo! Mail users; and

    d. Does the aforementioned acts without the consent of both parties to the communication(s).

91. On behalf of Plaintiffs and the Class, Plaintiff seeks an order requiring Defendant Yahoo! to cease its violations of California Penal Code § 630 *et seq.* Among other things,

Defendant Yahoo! should be required to stop eavesdropping, recording, scanning and/or intercepting e-mail sent from individual non-Yahoo! Mail users to private individual Yahoo! Mail users.

92.     On behalf of Plaintiffs and the Class, Plaintiffs suffered harm and or damage in an amount to be determined by the Court or as prescribed for each member of the Class under Cal. Penal Code § 637.2(a)(1).  An aware of statutory damage is necessary to redress the violations and to deter future unlawful and wrongful intrusions into Plaintiffs' and the Class' private communications.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF 18 U.S.C. §§ 2510 *ET SEQ.*

93.     AS AND FOR A SECOND CAUSE OF ACTION against Defendant Yahoo!, Plaintiffs and the Class alleges as follows:

94.     Plaintiffs and the Class hereby reallege and incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

95.     Yahoo!, as a corporation, is a "person" pursuant to 18 U.S.C. § 2510(6).

96.     Throughout the entirety of the conduct upon which this suit is brought, Yahoo!'s actions were/are intentional.

97.     Throughout the entirety of the conduct upon which this suit is brought, Yahoo!'s actions affect interstate commerce in that Plaintiffs is a resident of the State of California and sent email from California to other locations outside the State of California.  Even in the event emails made the basis of this suit were sent or received within the State of California, Plaintiffs assert that Yahoo!'s actions affect interstate commerce.

98.     Pursuant to 18 U.S.C. § 2511(1)(a), Yahoo! intentionally intercepted, intercepts, or endeavored or endeavors to intercept the electronic communications (1) Plaintiffs and Class Members sent to Yahoo! Mail users and (2) those emails sent to Plaintiffs and the Class Members emails based on the following:

**CLASS ACTION COMPLAINT**                                                                                16

a.  Yahoo! acquired(s) the content of (1) e-mail sent by Plaintiffs and Class Members to Yahoo! Mail users and (2) e-mail sent to Plaintiffs and Class Members from Yahoo! Mail users;

b.  The e-mails (1) sent by Plaintiffs and Class Members and (2) sent to Plaintiffs and Class Members are electronic communications;

c.  Yahoo! utilized(s) one or more devices composing of an electronic, mechanical or other device or apparatus to intercept the electronic communications sent by and to Plaintiffs and Class Members;

d.  Yahoo!'s intercepting devices are not a telephone or telegraph instrument, are not telephone or telegraph equipment, are not a telephone or telegraph facility, or are not any component thereof;

e.  Yahoo! does not furnish the devices to Yahoo! Mail and users do not use the devices for connection to the facilities;

f.  The devices are not used by Yahoo!, if operating as an electronic communication service, in the ordinary course of its business as a provider of an electronic communication service; and

g.  Yahoo!'s interception of electronic communications sent by and to Plaintiffs and Class Members for (a) undisclosed purposes, (b) for the purpose of delivering targeted advertising, (c) for purposes beyond the Service of Yahoo! Mail, (d) in violation of its user agreements, (e) in violation of its contracts with third parties, (f) in violation of its statements to users, (g) in violation of California law, and (h) in violation of the property rights of Plaintiffs, Class Members, and third parties is not within the ordinary course of business of a provider of an electronic communication service.

99.  Pursuant to 18 U.S.C. § 2511(1)(d), Yahoo! intentionally used, uses, or endeavored or endeavors to use the contents of (1) Plaintiffs' and Class Members' electronic communications and (2) electronic communications sent to Plaintiffs and Class Members

knowing or having reason to know that the information was obtained through the interception of the electronic communication in violation of 18 U.S.S. § 2511(1)(a). Yahoo!'s interception of and use of the contents of Plaintiffs' and Class Member's electronic communications and the electronic communications sent to Plaintiffs and Class Members were not performed by an employee while engaged in any activity which is necessary incident to the rendition of Yahoo! Mail or to the protection of the rights or property of the Yahoo!.

100.    Yahoo!'s advertising and other uses of Plaintiffs' and Class Members emails and those sent to Plaintiffs and Class Members are not a service of an electronic communication service as defined by 18 U.S.C. § 2510(15).

101.    Yahoo!'s advertising and other uses of Plaintiffs' and Class Members emails and those sent to Plaintiffs and Class Members are not a service of a provider of an electronic communication service as defined by 18 U.S.C. § 2510(15).

102.    No party to the electronic communications as made the basis of this suit consented to Yahoo!'s interception or use of the contents of the electronic communications.

103.    Yahoo!'s intercepts (1) Plaintiffs' and Class Members' emails and (2) the emails sent to Plaintiffs and Class Members emails for the purpose of committing a criminal or tortious act in violation of the laws of the any state, and as such, it cannot obtain consent pursuant to § 2511(2)(d).

104.    As a direct and proximate result of such conduct, Yahoo! violated 18 U.S.C. § 2511 in that it:

a.    intentionally intercepted, endeavored to intercept, or procured another person to intercept electronic communications by Plaintiffs and the Class in violation of 18 U.S.C. § 2511(1)(a); and

b.    intentionally used or endeavored to use the contents of Plaintiffs' and the Class' electronic communications, knowing or having reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. § 2511(1)(d).

105.    On behalf of Plaintiffs and the Class, Plaintiff seeks an order requiring Defendant Yahoo! to cease its violations of 18 U.S.C. 2510 *et seq.*  Among other things, Defendant Yahoo! should be required to stop eavesdropping, recording, scanning and/or intercepting e-mail sent from individual non-Yahoo! Mail users to private individual Yahoo! Mail users.

106.    On behalf of Plaintiffs and the Class, Plaintiffs suffered harm and or damage in an amount to be determined by the Court or as prescribed for each member of the Class under 18 U.S.C. § 2520(c)(2).  An aware of statutory damage is necessary to redress the violations and to deter future unlawful and wrongful intrusions into Plaintiffs' and the Class' private communications.

## VII.    <u>PRAYER FOR RELIEF</u>

1.    As a result of Yahoo!'s violations of 18 U.S.C. § 2511, pursuant to § 2520, and California Penal Code § 631, Plaintiffs and the Class are entitled to:

    a.    Preliminary and permanent injunctive relief to halt Yahoo!'s violations.

    b.    Appropriate declaratory relief.

    c.    For Plaintiffs and each Class Member, the greater of $100 a day for each day of violation or $10,000 whichever is greater.  18 U.S.C. § 2520(c)(2).

    d.    For Plaintiffs and each Class Member, the greater of $5,000 or three times actual damages sustained by each plaintiff.  Cal. Penal Code § 637.2(a).

    e.    Reasonable attorneys' fees and other litigation costs reasonably incurred.

Dated: October 2, 2013                    **COTCHETT, PITRE & McCARTHY, LLP**

                             By:   */s/ Ara Jabagchourian*
                                 ARA JABAGCHOURIAN
                                 Attorneys for Plaintiffs and the Class

Law Offices
COTCHETT, PITRE &
McCARTHY, LLP

## VIII.   JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demands a jury on any issue triable of right by a jury.

Dated: October 2, 2013                **COTCHETT, PITRE & McCARTHY, LLP**

By: _/s/ Ara Jabagchourian_
ARA JABAGCHOURIAN
Attorneys for Plaintiffs and the Class

**CLASS ACTION COMPLAINT**                                          20