UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE YAHOO MAIL LITIGATION | Case No. 13-CV-04980-LHK<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER DENYING AS MOOT ALL OTHER PENDING MOTIONS**<br><br>Re: Dkt. Nos. 131, 132, 134, 135, 142, 143, 144, 145, 146, 151, 156, 159, 163, 166, 174 |

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement between individual Plaintiffs Cody Baker, Halima Nobles, Rebecca Abrams, Brian Pincus and the Class they represent, and Defendant Yahoo! Inc. ("Yahoo"). ECF No. 174 ("Motion"); ECF No. 174-3 ("Settlement Agreement"). The Court held a Preliminary Approval Hearing on March 10, 2016. In response to matters raised at the Preliminary Approval Hearing, the Parties filed on March 15, 2016 an Addendum to the Settlement Agreement, which simplified the objection process. ECF No. 181 ("Settlement Addendum"). Having considered the Motion, the Settlement Agreement, the Settlement Addendum, the proposed Notice, the record in this case, and the statements made at the

1
Case No. 13-CV-04980-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER DENYING AS MOOT ALL OTHER PENDING MOTIONS

Preliminary Approval Hearing,

**IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(d)(2) & (6).

3. "Preliminary approval of a settlement and notice to the proposed class is appropriate if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Willner v. Manpower Inc.*, 2015 WL 54349, *2 (N.D. Cal. Jan. 2, 2015) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

4. The Court GRANTS preliminary approval of the Settlement and all of the terms and conditions contained therein. The Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted at arms length by the Parties. The terms do not improperly grant preferential treatment to any individual or segment of the Class, and fall within the range of possible approval.

5. The Court bases these preliminary findings on the nature of the claims, which would have only allowed the Class to obtain injunctive relief and not monetary damages; the benefits to be conferred in the Settlement Agreement; the fact that a settlement represents a compromise of the Parties' respective positions in lieu of trial; and the submissions made by the Parties. The Court notes that the Settlement Agreement does not release any claims for monetary damages against Yahoo. Class Members may therefore still seek monetary damages against Yahoo, even if this Settlement is approved.

6. Yahoo has stipulated to making technical changes to its email architecture, which shall remain in place for three years following final approval of the instant Settlement. As stated

in the Settlement Agreement, "Yahoo has no intention of eliminating the[se] architectural change[s] . . . after the expiration of th[is] [three year] term." Settlement Agreement at 6. However, as the Parties acknowledged at the Preliminary Approval Hearing, if Yahoo does decide to change its email architecture at the end of this three year term, the Release does not bar Class Members from again bringing suit against Yahoo.

7. The Court observes that the Settlement Agreement is the product of almost two and a half years of litigation. On October 2, 2013, Plaintiffs filed six separate putative class action complaints against Yahoo in the Northern District of California. On December 18, 2013, this Court related all six pending actions because they involved "substantially the same basic allegations": that Yahoo's "interception, storage, reading and scanning of email violates Plaintiffs' and other consumers' rights of privacy." ECF No. 14 at 2.

8. On March 5, 2014, Yahoo moved to dismiss Plaintiffs' claims. ECF No. 37. On August 12, 2014, the Court granted in part and denied in part Yahoo's motion to dismiss. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016 (N.D. Cal. 2014). Specifically, the Court "conclude[d] that [Yahoo's terms of service] establish[] explicit consent by Yahoo Mail users to Yahoo's conduct." *Id.* at 1029. The Court also found that Yahoo's terms of service "establish[] [that] Yahoo Mail users[] consent[ed] to Yahoo's practice of scanning and analyzing emails for the purposes of creating user profiles for both parties to the email communication and sharing content from the emails with third parties." *Id.* at 1030.

Of Plaintiffs' claims, only Plaintiffs' claim under § 2702(a)(1) of the Stored Communications Act ("SCA") and under § 631 of the California Information Privacy Act ("CIPA") survived Yahoo's motion to dismiss. *Id.* at 1043. The thrust of Plaintiffs' SCA and CIPA claims is that "Yahoo intercepts and scans . . . incoming [and outgoing] emails for content *during transit and before placing the emails into storage*." *Id.* at 1036 (emphasis added).

The Settlement Agreement provides Plaintiffs the relief that Plaintiffs seek under both the SCA and CIPA: Yahoo will now only analyze emails for content when these emails are no longer

3

Case No. 13-CV-04980-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER DENYING AS MOOT ALL OTHER PENDING MOTIONS

in transit and after these emails reach a Yahoo Mail user's inbox or outbox.

9. On February 5, 2015, Plaintiffs moved for class certification on Plaintiffs' SCA and CIPA claims. ECF No. 60. On May 26, 2015, the Court granted in part and denied in part Plaintiffs' motion for class certification. *See In re Yahoo Mail Litig.*, 308 F.R.D. 577 (N.D. Cal. 2015). Specifically, the Court certified the following subclasses:

> As to Plaintiffs' SCA claim: All persons in the United States who are not Yahoo Mail subscribers and who have sent emails to or received emails from a Yahoo Mail subscriber from October 2, 2011 to the present, or who will send emails to or receive emails from a Yahoo Mail subscriber in the future.
>
> As to Plaintiffs' CIPA claim: All persons in California who are not Yahoo Mail subscribers and who have sent emails to or received emails from a Yahoo Mail subscriber from October 2, 2012 to the present, or who will send emails to or receive emails from a Yahoo Mail subscriber in the future.

*Id*. at 606. The Court certified these subclasses pursuant to Federal Rule of Civil Procedure 23(b)(2). Federal Rule of Civil Procedure 23(b)(2) provides that class certification is appropriate where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Notably, under U.S. Supreme Court precedent, Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2557 (2011). Thus, as a general matter, class members cannot recover monetary damages under a Rule 23(b)(2) class. *Wang v. Chinese Daily News, Inc*., 737 F.3d 538, 544 (9th Cir. 2013).

10. On June 9, 2015, Yahoo filed before the Ninth Circuit a petition for permission to appeal this Court's class certification order. ECF No. 120. Plaintiffs filed a reply. On August 11, 2015, the Ninth Circuit denied Yahoo's petition. ECF No. 125.

11. Following the Court's class certification decision, the Parties completed both fact and expert discovery. The Parties subsequently filed cross-motions for summary judgment, cross-*Daubert* motions, and several requests for judicial notice in support of their respective motions for summary judgment. The Parties' cross-motions for summary judgment were supported by

extensive citation to the record, to documents produced during written discovery, and to deposition testimony.  Although the Court did not rule on the Parties' fully-briefed cross-motions for summary judgment because the Parties reached the instant Settlement on December 4, 2015— six days prior to the summary judgment hearing—the Court's initial analysis suggested some vulnerability in Plaintiffs' case.  Had the Court granted Yahoo's motion for summary judgment, the Class and Class Counsel would not have received any injunctive, declaratory, or monetary relief.

12. The Court approves the proposed Notice and finds that the dissemination of the Notice in the manner set forth in the Settlement Agreement complies with the requirements of Federal Rule of Civil Procedure 23 and due process of law.  The notice procedures set forth in the Settlement Agreement are found to be the best practicable means of providing notice of the Settlement Agreement under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the applicable requirements of Federal Rule of Civil Procedure 23 and due process.

13. Pursuant to the Media Plan attached as Exhibit C to the Settlement Agreement, Notice shall be published via Advertising.com, which will place banner ads on a collection of popular websites.  Advertising.com represents that it will ensure these ads will make 75,000,000 unique impressions upon Internet users, with no single user receiving more than three impressions. The banner ads will direct Internet users, via a link, to the Settlement website, which shall inform Class Members of the proposed Settlement and their right to object.

14. The Court will hold a Final Approval Hearing on August 25, 2016, at 1:30 p.m. At the Final Approval Hearing, the Court will consider: (1) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate for the Class; (2) whether a judgment dismissing the Action with prejudice, based on final settlement approval, should be entered; (3) whether Class Counsel's application for attorney's fees and expenses and for service awards to the

Class Representatives should be granted; (4) and to rule upon such other matters as the Court may deem appropriate.

15. By March 31, 2016, Yahoo shall file a declaration attesting that the Notice was provided in accordance with the Settlement Agreement and this Order.

16. By April 11, 2016, Yahoo shall file a Notice of Compliance with 28 U.S.C. § 1715.

17. By May 31, 2016, Plaintiffs shall file their motion in support of final approval of the Settlement, and Class Counsel shall file their motion for attorney's fees and expenses and for service awards to the Class Representatives.

18. The Court ORDERS that each Class Member be given an opportunity to comment on or object to the Settlement Agreement, and to participate in the Final Approval Hearing to be held on August 25, 2016, at 1:30 p.m. The Class Notice shall state the date, time, and location of the hearing. Any Class Member wishing to comment on or object to the Settlement Agreement shall mail such comment or objection in writing to:

> LHK Courtroom Deputy
> United States District Court for the Northern District of California
> Robert F. Peckham Federal Bldg.
> 280 S 1st St
> San Jose, CA 95113
> Re: In re: Yahoo Mail Litigation, 5:13-CV-4980

by July 1, 2016. Should any Party wish to file a written response to any comment or objection filed by a Class Member, such response shall be filed with the Court no later than August 15, 2016. No Class Member shall be entitled to be heard at the Final Approval Hearing unless written notice of the Class Member's intention to appear at the Final Approval Hearing is timely mailed to the above address.

19. Any objection must contain: the objector's name, address, and personal signature; a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address, and phone number; and a statement of the grounds for the objection.

6
Case No. 13-CV-04980-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER DENYING AS MOOT ALL OTHER PENDING MOTIONS

20. The date of the postmark on the envelope containing the written statement objecting to the settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. Class Members who fail to mail and serve timely written objections in the manner specified in the Settlement Addendum shall be deemed to have waived any objections and shall be barred from objecting to the proposed Settlement. *See* Settlement Addendum at 1–2.

21. The schedule by which the events referenced above shall occur is as follows:

| Event | Recommendation |
|---|---|
| Notice Disseminated to Class Members | March 31, 2016 |
| Deadline to File Notice of Compliance with 28 U.S.C. § 1715 | April 11, 2016 |
| Motions for Attorney's Fees and Costs; Motions for Service Awards; Motion for Final Approval | May 31, 2016 |
| Deadline to Object | July 1, 2016 |
| Claims Administrator Affidavit of Compliance with Notice Requirements | August 4, 2016 |
| Replies in Support of Motions for Final Approval, Attorney's Fees and Costs, and Service Awards | August 11, 2016 |
| Final Approval Hearing | August 25, 2016, at 1:30 p.m. |

22. All proceedings in this matter except those contemplated herein and as part of the Settlement are stayed. All pending motions[1] are hereby DENIED AS MOOT. Pursuant to Civil Local Rule 79-5(g), all documents that were filed under seal shall remain sealed. *See* Civil L.R. 79-5(g) ("[A]ny document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action . . . [for] 10 years from the date the case is closed.").[2]

---

[1] *See* ECF Nos. 131, 132, 134, 135, 142, 143, 144, 145, 146, 151, 156, 159, 163 & 166.
[2] Civil Local Rule 79-5(g) further provides that "a Designating Party may, upon showing good cause at the conclusion of a case, seek an order to extend the sealing to a specific date beyond the 10 years provided by this rule." Civil L.R. 79-5(g).

7
Case No. 13-CV-04980-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER DENYING AS MOOT ALL OTHER PENDING MOTIONS

23. All Parties are ordered to comply with the terms of the Settlement Agreement.

23. All Parties are ordered to comply with the terms of the Settlement Agreement.

24. Jurisdiction by this Court is retained over this litigation and the Parties to this litigation, and each of the Class Members for all matters relating to this litigation, the Settlement Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

Dated: March 15, 2016

_____
LUCY H. KOH
United States District Judge

8

Case No. 13-CV-04980-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ORDER DENYING AS MOOT ALL OTHER PENDING MOTIONS